**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DARREN PIEPER,<br>Petitioner,<br>v.<br>JOHN/JANE DOE, et al.,<br>Respondents. | Civil Action No. 25-13660 (MAS)<br><br>**MEMORANDUM OPINION** |

This matter comes before the Court upon the amended habeas petition (ECF No. 20) and Response (ECF No. 22) to this Court's Order to Show Cause (ECF No. 21) filed by Petitioner Darren Pieper ("Petitioner"). For the following reasons, Petitioner's amended petition will be dismissed without prejudice for lack of exhaustion, and Petitioner shall be denied a certificate of appealability as to the dismissal of his petition.

As this Court previously explained to Petitioner,

> In his [amended] habeas petition, Petitioner seeks to challenge his ongoing civil commitment in the Special Treatment Unit, which Petitioner believes to be unlawful. (*See* ECF No. 20 at 1-21.) Petitioner's belief appears to stem from a March 2025 order of a state trial level court directing the STU staff to develop a conditional discharge plan for him by March 27, 2026, after which Petitioner was to return to state court for further hearings on his commitment. (*Id.* at 21.) Petitioner believes that STU staff are not adequately proceeding with the development of this discharge plan, and that he is therefore being unlawfully held. (*Id.* at 21-28.) Petitioner thus asks this Court to supersede the state court's order for a discharge plan and to immediately order his release from the STU. Although [Petitioner] asserts that he believes he exhausted state court remedies because of the state court's order directing the creation of a discharge plan (*Id.* at 20), [Petitioner] does not state that he ever had the state trial level courts consider his claim that his continued detention is unlawful and decide that claim on the merits, nor does he appear to have ever appealed such a claim to the state appellate courts.

> A habeas petition challenging state court proceedings, such as Petitioner's commitment and attempt to seek release therefrom in the state courts, "cannot proceed unless all meritorious claims have been exhausted in state court." *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). As the exhaustion rule requires a habeas petitioner to afford the state courts the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief, a habeas petitioner challenging a New Jersey judgment of conviction must fairly present each alleged federal ground for relief raised in his habeas petition to all three levels of the New Jersey state courts – the Law Division, Appellate Division, and New Jersey Supreme Court. *See, e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982); *Ragland v. Barnes*, No. 14-7924, 2015 WL 1035428, at *1-3 (D.N.J. Mar. 10, 2015).

(ECF No. 21 at 1-3.)

In responding to the Court's Order to Show Cause, Petitioner spends a considerable portion of his time arguing that he is not a prisoner and therefore is not subject to Prison Litigation Reform Act ("PLRA") exhaustion, which only applies to non-habeas prisoner actions. The PLRA does not apply in habeas, and the habeas exhaustion requirement is a separate statutory requirement for habeas relief. *See* 28 U.S.C. § 2254(b) (requiring that persons in state custody fully exhaust all available state court remedies before they file a habeas petition in federal court challenging that custody). Whether Petitioner is or is not a prisoner for PLRA purposes is immaterial to the issue at hand. Likewise, that Petitioner may have filed institutional remedies—a point which would be relevant in the PLRA context—is immaterial to the question of exhaustion in the habeas context. Only by raising his current claims through all three levels of the state *courts* in New Jersey can

Petitioner exhaust his claims. *Ragland*, 2015 WL 1035428, at *1-3. In his filing, Petitioner essentially admits that he has not done so. Instead, Petitioner filed several motions in the trial court, which have yet to be considered on the merits. (*See* ECF No. 22 at 5.) The record thus clearly indicates that Petitioner has not finished raising his claims, even in the state trial court, let alone through all three levels of New Jersey's state court system. Petitioner's habeas petition is therefore clearly unexhausted.

Where a District Court is faced with an unexhausted habeas petition, the District Court has four options: "(1) dismiss the petition without prejudice; (2) stay the proceedings and hold them in abeyance until the claims are exhausted; (3) allow [Petitioner] to delete his unexhausted claims [and proceed on any exhausted claims presented in the petition]; and (4) deny the petition if [the District Court] [finds] all of [Petitioner's] unexhausted claims to be meritless under § 2254(b)(2)." *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014) (citing *Rhines v. Weber*, 544 U.S. 269, 274-78 (2005)). A District Court may only grant a stay of an unexhausted petition in "limited circumstances." *Rhines*, 544 U.S. at 277. Specifically, the petitioner must have "good cause for his failure to exhaust, his unexhausted claims [must be] potentially meritorious, and there [can be] no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. Even where these requirements are met, a stay will generally only be warranted in cases where dismissal of the petition without prejudice would result in the petitioner being unable to timely file his habeas petition within the one-year statute of limitations period. *See Crews v. Horn*, 360 F.3d 146, 152 (3d Cir. 2004) ("where an outright dismissal could jeopardize the timeliness of a collateral attack[,]" a stay is appropriate); *Williams v. Walsh*, 411 F. App'x 459, 461 (3d Cir. 2011) ("[w]here the timeliness of a habeas corpus petition is at issue[,] . . . a District Court has discretion to stay" the petition); *Ragland*, 2015 WL 1035428, at *2.

Based on the record before the Court and Petitioner's response to the Order to Show Cause, it appears that all of Petitioner's claims are currently unexhausted, and he has no exhausted claims on which he could proceed. Likewise, Petitioner has neither requested nor shown an entitlement to a stay pending exhaustion in this matter. As this Court does not have a full record on which it could deny Petitioner's request on the merits, the Court is thus left with only one option – to dismiss Petitioner's amended petition without prejudice for lack of exhaustion. Petitioner's amended habeas petition shall therefore be dismissed without prejudice at this time.[1]

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

[1] On July 17, 2026, Respondents filed correspondence indicating that, pursuant to a court order entered on July 14 by the state court, Petitioner was released from the Special Treatment Unit as part of a comprehensive treatment and release plan. (ECF No. 23.) Respondents request that this matter be dismissed as moot in light of this change of location, contending that Petitioner's challenge was centered on a failure to properly develop his release plan in a timely fashion. (*Id.*) The Court Order directing Petitioner's release, however, provides that Petitioner be moved to another treatment facility or halfway house, Sunset Care in Newark, and that he remain in that facility for "at least three years or until [the State] reassess [him]." (*Id.* at 3.) It is unclear if this order is considered under state law a continuation of his civil commitment. The order, however, does make clear that Petitioner is being placed on a parole-like status. (*Id.* at 3-5.) Because that parole-like status is itself a form of custody, it is not evident that Petitioner's challenges to the state's continued control is moot simply because he is no longer present in the STU. In an abundance of caution, the Court therefore dismisses this matter as unexhausted rather than as moot at this time. Nevertheless, the fact that Petitioner was ultimately released from the STU in a timely fashion is a strong indicator of the purpose of the exhaustion doctrine and its applicability in this matter. Petitioner's decision to file in federal court rather than let his state proceedings first run their course did little to achieve his goals. On the other hand, permitting the state court proceedings to reach completion at least partially accomplished Petitioner's ends without requiring interference from the Court.

"When the district court denies a habeas petition on procedural grounds without reaching the [petitioner's] underlying constitutional claim, a [Certificate of Appealability] should issue when the [petitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's petition is unexhausted and must be dismissed without prejudice as such, Petitioner's habeas petition is inadequate to deserve encouragement to proceed further at this time, and Petitioner is denied a certificate of appealability.

In conclusion, Petitioner's amended habeas petition (ECF No. 20) is **DISMISSED WITHOUT PREJUDICE** as unexhausted, and Petitioner is **DENIED** a certificate of appealability. An appropriate Order follows.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: 8/3/26